UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HARRY C. BISHOP, III, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:16-cv-00172-JAW |
| | ) | |
| CORRECT CARE SOLUTIONS LLC, et al., | ) ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Harry Bishop III, an inmate in the custody of Maine Department of Corrections, asserts multiple civil rights claims on his own behalf and on behalf of others. (Class Action Complaint, ECF No. 1; Motion to Certify Class, ECF No. 2.) Plaintiff also filed an application to proceed in forma pauperis (ECF Nos. 3, 8, 10), which application the Court granted (ECF No. 16).

In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 29 U.S.C. § 1915A(a).

Following a review of the pleadings, I recommend the Court dismiss the matters for which Plaintiff has not alleged a personal claim, and deny Plaintiff's Motion to Certify Class.

## BACKGROUND FACTS [1]

Plaintiff alleges that Defendant Correct Care Solutions ("CCS")[2] routinely denies necessary medical care to inmates in the Department's custody, fails to retain sufficient medical staff, fails to train properly its available medical staff, permits nurses to make care decisions beyond their professional capabilities, and fails to obtain or maintain essential diagnostic tools on site. (Complaint ¶¶ 12 – 26.) In support of some of his allegations, Plaintiff described incidents involving other inmates. (*Id.* ¶¶ 17, 18, 24.) Plaintiff has not alleged that he has any medical needs that Defendant CCS has failed to address.

Plaintiff also asserts that administrators of the Maine Correctional Center,[3] where he is incarcerated, regularly underserve food portions to save money, provide inmates with insufficient calories and inadequate nutrition to maintain normal weight and health, serve meals that do not meet the Department's menu specifications, and serve out-of-date food. (*Id.* ¶¶ 27 – 36.) Plaintiff further alleges that Food Service Manager Matt D'Auteuil "deters inmates from getting medically required special diets by giving them less food" due to the cost associated with special diets. (*Id.* ¶ 30.) Plaintiff has not alleged that he has a special diet.

According to Plaintiff, the Correctional Center's administrators deny inmates meaningful access to legal resources and assistance. Plaintiff alleges that he has "been unable to challenge [his] criminal conviction[] and sentence[] or conditions of confinement due to those unnecessary restrictions." (*Id.* ¶ 40.) Plaintiff also asserts that the Correctional Center's administrators, including the Center's chaplain, Defendant Marian Zimmerman, refuse to provide Native

---

[1] The facts set forth herein are derived from Plaintiff's complaint.

[2] Plaintiff also names as defendants Wendy Riebe, Health Services Administrator for CCS, and Robert Clinton M.D., Regional Medical Director for CCS.

[3] Plaintiff names as defendants Warden Scott Landry, Deputy Warden of Programs and Services Sue Carr, Deputy Warden of Support Services Barbara Shaw, and Food Service Manager Matt D'Auteuil.

American inmates with monthly sacred pipe ceremonies.  (*Id.* ¶¶ 44 – 51.)  Plaintiff alleges that he "hold[s] sincere Native American beliefs."  (*Id.* ¶ 44.)

### PLAINTIFF'S CLAIMS

Plaintiff asserts personal claims and claims on behalf of other inmates under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs, the deprivation of basic human needs, and the failure to provide legal assistance.  Plaintiff also alleges a claim based on the substantial burden on religious exercise in violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc.  (*Id.* ¶¶ 52 – 65.)  For a remedy, Plaintiff requests declaratory and equitable/injunctive relief, but has not asserted a claim for money damages.  (*Id.* at 19, Prayer for Relief.)

Plaintiff, the sole party plaintiff named in the complaint, seeks to certify a class in part because other prisoners fear retaliation, including a transfer to Maine State Prison, if they join the case as named plaintiffs.  (Motion to Certify at 4, ECF No. 2.)  More recently, Plaintiff filed a Motion to Expedite Ruling on Class Certification.  (ECF No. 19.)

### STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Similarly, a lawsuit by a prisoner against a governmental entity and its officers is subject to dismissal, sua sponte, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

"The federal courts have consistently rejected attempts at third-party lay representation. By law an individual may appear in federal courts only pro se or through legal counsel." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (citing *United States v. Taylor*, 569 F.2d 448, 450 – 51 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978), and 28 U.S.C. § 1654). As a pro se litigant, Plaintiff cannot represent other prisoners in this court, though he may provide advice and assistance to his fellow inmates on their legal matters. *Id.*; *see also Smith v. Schwarzenegger*,

393 Fed. App'x 518, 519 (9th Cir. 2010); *Heard v. Caruso*, 351 Fed. App'x 1, 15 (6th Cir. 2009); *Fowler v. Lee*, 18 Fed. App'x 164, 165 (4th Cir. 2001) (per curiam) ("It is plain error for a pro se inmate to represent other inmates in a class action."). To the extent Plaintiff proposes not only to serve as the representative of the class, but also as a legal representative of other class members, Plaintiff's request to certify a class fails.

Plaintiff's request to certify a class also fails because Plaintiff has not otherwise satisfied the requirements for class certification. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a party requesting class certification must demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). If these conditions are satisfied, the Court may certify a class action if the action is of a type identified in section (b) of the Rule. Fed. R. Civ. P. 23(b).[4]

---

[4] Federal Rule of Civil Procedure 23(b) provides:

(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other

Rule 23 imposes more than "a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 – 52 (2011). The movant must "be prepared to prove" that each of the Rule 23(a) requirements is met "in fact," *id.*, and "must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).

Significantly, Plaintiff, as the sole proposed representative of the class, has not alleged that he has claims that are "typical" of all of the class. For instance, Plaintiff has not alleged that he suffers from any medical condition that Defendants have inappropriately managed nor has he alleged that he requires a special diet. Additionally, even if Plaintiff were joined by one or more representative plaintiffs having the same claims, Plaintiff has failed to provide record evidence or any other reliable information to suggest that Plaintiff could satisfy all of the elements of Rule 23(a) and at least one of the requirements of Rule 23(b).

Although Plaintiff has not established the prerequisites for class certification, he has alleged sufficient facts to support the claims for which he asserts he suffered personal harm. Specifically, Plaintiff has alleged facts to state plausible § 1983 claims for the denial of adequate calories and nutrition and for the denial of access to legal materials and assistance. Plaintiff has also stated a claim under RLUIPA.

---

available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D) the likely difficulties in managing a class action.

**CONCLUSION**

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 29 U.S.C. § 1915A(a), I recommend the Court (1) deny without prejudice Plaintiff's Motion to Certify Class (ECF No. 2);[5] (2) dismiss as moot Plaintiff's Motion to Expedite Ruling on Class Certification (ECF No. 19); (3) dismiss Plaintiff's claims based on Defendants' medical care and special diet practices; (4) dismiss Defendants Correct Care Solutions, Riebe, and Clinton; and (5) order service on the remaining Defendants for the remaining claims.[6]

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of May, 2016.

---

[5] Under the circumstances, denial without prejudice is appropriate. For instance, in *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H. 1988), when the court denied a pro se plaintiff's request for class certification, the court denied the request "without prejudice to plaintiff's right to request class certification at a later date if he obtains legal representation."

[6] If the Court accepts this recommendation, Plaintiff could proceed against the remaining Defendants on his § 1983 claims for denial of adequate calories and nutrition and for denial of access to legal materials and assistance, and on his RLUIPA claim.