UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HARRY C. BISHOP III, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:16-cv-00172-JAW |
| | ) | |
| CORRECT CARE SOLUTIONS LLC, | ) | |
| et als., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON PENDING MOTIONS**[1]

On June 24, 2016, the Court denied Plaintiff Harry Bishop's request for certification of a class of plaintiffs who purportedly have claims against officers and employees of Maine Correctional Center and Correct Care Solutions, but ordered service of Plaintiff's complaint upon certain defendants based on Plaintiff's allegation that the food the Correctional Center provides Plaintiff lacks sufficient nutrition, and based on Plaintiff's assertion that the Correctional Center has deprived him of meaningful access to legal materials and participation in religious services. (ECF No. 24.)  Defendants were subsequently served with the complaint.

The matter is before the Court on Plaintiff's Renewed Motion for Class Certification (ECF No. 27), Plaintiff's Motion for Appointment of Class Counsel (ECF No. 28), Plaintiff's Motion to Join Nicholas Gladu (ECF No. 29), and Defendants' Motion for Summary Judgment. (ECF No. 38.)

---

[1] Although a magistrate judge is authorized to decide one or more of the motions, because the motions are to some degree related, to avoid any confusion regarding an aggrieved party's right to review, and to permit the Court to conduct a de novo review on all of the related motions, I have issued a recommended decision as to all of the motions.

Following a review of the motions, and after consideration of the parties' arguments, I recommend the Court deny Plaintiff's renewed motion to certify class, dismiss as moot Plaintiff's motion to appoint class counsel, deny Plaintiff's motion to join, and grant Defendants' motion for summary judgment.

### BACKGROUND

In his complaint, Plaintiff alleged (1) that Defendant Correct Care Solutions routinely denies necessary medical care to inmates, and (2) that administrators of the Maine Correctional Center serve inadequate food portions with insufficient nutritional value, deny inmates access to legal resources and assistance, and deny Native American inmates access to monthly sacred pipe ceremonies.  (ECF No. 1.)  Plaintiff also filed a motion to certify a class of plaintiffs.  (ECF No. 2.)

The Court denied without prejudice Plaintiff's motion to certify a class.  (ECF No. 24.) The Court also dismissed the claims against Correct Care Solutions because Plaintiff did not allege that he had a medical condition that required treatment.  (*Id.*)  The Court authorized service on the remaining Defendants[2] on Plaintiff's claims for injunctive relief regarding nutrition,[3] access to legal materials, and participation in religious ceremonies.

On July 11, 2016, Plaintiff requested the Court appoint counsel initially for the purpose of presenting a motion to certify a class.  (ECF No. 27/28.)  Plaintiff contends the appointment is warranted because he lacks sufficient legal knowledge, access to legal materials and access to other prisoners to prepare a proper request for class certification.  (ECF No. 28.)

---

[2] The Maine Attorney General accepted service on behalf of Susan Carr, Matt D'Auteil, Scott Landry, Barbara Robertshaw, and Marian Zimmerman.  (ECF No. 26.)

[3] As part of his nutrition-related claim, Plaintiff asserted that many inmates are deprived of special diets, but he did not allege that he required a special diet.  The Court, therefore, dismissed Plaintiff's nutrition-related claim to the extent he alleged denial of a special diet.

Along with his motion for counsel, Plaintiff filed a motion co-signed by inmate Nicholas Gladu, in which motion Plaintiff and Mr. Gladu request that Mr. Gladu be joined in the action because Plaintiff was "due to be released from custody in less than [two] weeks." (ECF No. 29.) According to the motion, Mr. Gladu would assert the claims originally alleged in Plaintiff's complaint. (*Id.*) Mr. Gladu requests the Court's assistance "with obtaining information on consent decrees and/or court orders that have been entered against Maine Department of Corrections … and Correct Care Solutions," including their employees. (ECF No. 29-2.)

On July 26, 2016, Defendants filed a motion for summary judgment. Through the motion, Defendants argue the Plaintiff's claims are moot because he has been released from the custody of the Department of Corrections. (ECF No. 38.)

DISCUSSION

**A.      Plaintiff's Motion to Join (ECF No. 29)**

Plaintiff and Mr. Gladu, an inmate at the Correctional Center, seek to join Mr. Gladu as a plaintiff in this action. In support of the request, Plaintiff and Mr. Gladu asserted that Plaintiff was due to be released from custody, and that Mr. Gladu is confined "under the exact circumstances alleged by [Plaintiff]." (ECF No. 29 at 1, ¶¶ 1 – 2.)

Federal Rule of Civil Procedure 20 permits plaintiffs to join in one action if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20. "The purpose of the rule is 'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Arista Records LLC v. Does 1-*

3

*27*, 584 F. Supp. 2d 240, 251 (D. Me. 2008) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001)).

Here, neither Plaintiff nor Mr. Gladu has asserted any facts regarding Mr. Gladu's potential claims. Plaintiff's bald assertion that Mr. Gladu is confined under the same circumstances as Plaintiff is insufficient. That is, to the extent Rule 20 applies to the motion, the Court cannot assess whether Plaintiff can satisfy the requirements of Rule 20.

Although Plaintiff requested to "join" Mr. Gladu as a plaintiff, Rule 20 does not necessarily govern Plaintiff's request. Given that Plaintiff was scheduled to be released from custody soon after the filing of the motion, and perhaps recognizing that Plaintiff's claims would be moot, the motion is in essence an attempt by Plaintiff to substitute Mr. Gladu as the plaintiff. The Court can substitute a party plaintiff in the limited circumstances described in Federal Rule of Civil Procedure 25, i.e., upon the death or incompetency of the original party, upon a party's transfer of a legal interest to another, and upon the replacement of a public officer appearing in an official capacity. Fed. R. Civ. P. 25 (a) – (d). Because none of the circumstances that support substitution is present in this case, the Court must "consult Rule 15, on amendments, Rule 17, on the real party in interest, Rule 21, on adding or dropping parties, or Rule 24, on intervention." 7C Wright, Miller & Kane § 1951.

Plaintiff, however, has not provided any facts regarding Mr. Gladu's circumstances. He thus has failed to demonstrate cause to join or substitute Mr. Gladu as the "real party in interest" pursuant to Rule 17(a)(3) or to treat Mr. Gladu as a party to be added under Rule 21.[4]

---

[4] "Rule 21 authorizes the addition of a person who, for whatever reason, has not been made a party and whose presence as a party is deemed to be necessary or desirable." 7 Wright, Miller & Kane, Federal Practice & Procedure § 1683 (3d ed. 2001).

Similarly, the motion and record do not warrant Mr. Gladu's intervention. A party may intervene as of right only if a federal statute unconditionally grants that right or the party claims an interest that would be impaired or impeded in his absence.  Fed. R. Civ. P. 24(a).  Neither Plaintiff not Mr. Gladu has cited a statute that grants Mr. Gladu the right to intervene, nor have they identified an interest of Mr. Gladu that would be impaired or impeded by the resolution of Plaintiff's claims.

The issue is thus whether the Court should permit Mr. Gladu to intervene under the "permissive intervention" standard of Rule 24(b).  "On a timely motion, the court may permit anyone to intervene who … is given a conditional right to intervene by a federal statute … or … has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).  First, Plaintiff and Mr. Gladu have not cited any statute that confers upon Mr. Gladu a conditional right to intervene.  In addition, because they have failed to assert any facts regarding Mr. Gladu's claim, the Court cannot determine that Mr. Gladu's potential claim shares common questions of law or fact with Plaintiff's claims.  Even if the motion could be construed to allege a common question of fact or law, because, as discussed below, Plaintiff's claim is moot, intervention would have no practical benefit.  Mr. Gladu could assert his claim in a separate action.[5]

**B.      Plaintiff's Renewed Motion to Certify Class (ECF No. 27) and Motion to Appoint Class Counsel (ECF No. 28)**

Plaintiff's renewed motion to certify a class and appoint class counsel evidently is motivated by the recognition that Plaintiff's claims for injunctive relief would be moot upon his

---

[5] The Prison Litigation Reform Act's requirement that prisoners be accountable for their filing fees and the PLRA's three-strikes rule, 28 U.S.C. § 1915(b) & (g), also weigh against permissive joinder, particularly where, as here, the prisoner requesting permission to intervene has to file a new complaint to assert his own claims.  Mr. Gladu is familiar with the civil process as he is the plaintiff in two actions pending in this Court: *Gladu v. Ross, et al.*, 2:15-cv-00274-DBH; *Gladu v. Correct Care Solutions, et al.*, 2:15-cv-00384-DBH.

release from confinement.  (ECF No. 27.)  Plaintiff suggests the appointment of counsel is needed to present a proper motion to certify a class action.  (ECF No. 28.)

As explained in a previous Order (ECF No. 20), pursuant to Rule 23 of the Federal Rules of Civil Procedure, a party requesting class certification must demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  If the conditions are satisfied, the Court may certify a class action if the action is of a type identified in section (b) of the Rule.  Fed. R. Civ. P. 23(b).[6]

---

[6] Federal Rule of Civil Procedure 23(b) provides:

(b) Types of Class Actions.  A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D) the likely difficulties in managing a class action.

Because in the renewed motion Plaintiff has not cured any of the deficiencies previously identified in Plaintiff's first motion to certify a class, Plaintiff has failed to demonstrate a basis for certification.[7]  Perhaps more significantly, because he has been released from custody, Plaintiff is no longer a member of the putative class.   He cannot, therefore, successfully request class certification.  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) ("We have repeatedly held that a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." (internal quotation marks omitted)).  Because Plaintiff cannot pursue a class action, his request for appointment of counsel must be denied.

## C.    Motion for Summary Judgment (ECF No. 38)

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).  "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'"  *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir. 1998)).

A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor.  *Perry v. Roy,* 782 F.3d 73, 77 (1st Cir. 2015).  If a court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of his claims, a

---

[7] Rule 23 imposes more than "a mere pleading standard."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 – 52 (2011).  The movant must "be prepared to prove" that each of the Rule 23(a) requirements is met "in fact," *id.*, and "must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)."  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).

trial-worthy controversy exists and summary judgment must be denied as to any supported claim. *Id.* ("The district court's role is limited to assessing whether there exists evidence such that a reasonable jury could return a verdict for the nonmoving party." (internal quotation marks omitted)).  Unsupported claims are properly dismissed.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 – 24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

Through their motion for summary judgment, Defendants contend Plaintiff's claims are moot.  Defendants' uncontroverted statement of material facts (ECF No. 38-1) and affidavit (ECF No. 38-2), establish that Plaintiff was released from custody on or about July 18, 2016.[8]

Plaintiff's request for relief in this action is limited to equitable/injunctive and declaratory relief and does not include a claim for money damages.  (ECF No. 1 at 1, 19.)  In other words, the relief requested by Plaintiff is limited to an order declaring that his rights were violated and directing Defendants to provide Plaintiff with a higher-calorie diet, increased access to legal resources and the right to participate in sacred pipe ceremonies.

"The Constitution 'confines the jurisdiction of the federal courts to actual cases and controversies.'" *Ford v. Bender*, 768 F.3d 15, 29 (1st Cir. 2014) (quoting *Barr v. Galvin,* 626 F.3d

---

[8] For purposes of summary judgment, the facts before the Court ordinarily are restricted to facts introduced by the parties through their statements of material facts, which statements must be supported by citations to evidence of record.  The requirement that parties cite evidence of record is set forth both in Federal Rule of Civil Procedure 56(c) and in District of Maine Local Rule 56(b) – (d).  In addition, Local Rule 56 outlines the manner by which parties must provide the Court with their factual statements and the evidence supporting the statements.  Thus, a party seeking summary judgment must file, in addition to its summary judgment motion, a supporting statement of material fact setting forth each fact in a separately numbered paragraph, followed by a citation to evidence of record that supports the factual statement.  D. Me. Loc. R. 56(b), (f).  A party opposing a motion for summary judgment must file an opposing statement of material fact that admits, denies, or qualifies the factual statements made by the moving party.  D. Me. Loc. R. 56(c).  Unless the statement is admitted, the opposing party must provide a citation to evidence of record that supports the opposing statement.  *Id.*  If a party fails to respond to a statement of material facts, the moving party's factual statements "shall be deemed admitted."  D. Me. Loc. R. 56(f).  Moreover, pursuant to Local Rule 7(b), parties are expected to file an objection to a motion if they contest the motion, and unless they do so are "deemed to have waived objection."

99, 104 (1st Cir. 2010)). "A case generally becomes moot when the controversy is no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Shelby v. Superformance Int'l, Inc.,* 435 F.3d 42, 45 (1st Cir. 2006)).

"A prisoner's challenge to prison conditions or policies is generally rendered moot by his transfer or release." *Id.* For example, in *Ford* the First Circuit held that the former prisoner plaintiff's release from custody mooted all of his claims for equitable relief because he "lost any legally cognizable interest in a declaration that the DOC's actions had been unconstitutional or an injunction related to his prior confinement." *Id.* [9]

In short, as the result of Plaintiff's release from custody, his claims for declaratory and equitable/injunctive relief are moot. *Id.*; *Ferreira v. Dubois*, 963 F. Supp. 1244, 1262 – 63 (D. Mass. 1996) (collecting cases). Summary judgment, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's Motion to Join (ECF No. 29), deny Plaintiff's Renewed Motion for Class Certification (ECF No. 27),[10] deny Plaintiff's Motion for Appointment of Class Counsel (ECF No. 28), and grant Defendant's Motion for Summary Judgment (ECF No. 38) and dismiss the action as moot.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2).

---

[9] There is an exception to the mootness doctrine for claims involving conduct "capable of repetition, yet evading review." *Ford*, 768 F.3d at 30. However, when applying this exception courts do not assume that former prisoners will again engage in conduct that will result in their incarceration. *Id.* (citing *Honig v. Doe,* 484 U.S. 305, 320 (1988)).

[10] Regardless of whether the Court adopts the recommendation, Plaintiff's Motion for Expedited Ruling on the renewed motion for class certification (ECF No. 27) would be moot.

     Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of September, 2016.