UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HARRY C. BISHOP, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:16-cv-00172-JAW |
| | ) | |
| CORRECT CARE SOLUTIONS, INC. et als., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

On September 19, 2016, the Magistrate Judge issued a recommended decision in this lawsuit in which he recommended that the Court deny Harry C. Bishop, III's motion to join, his renewed motion for class certification, and his motion for appointment of class counsel. *Recommended Decision on Pending Mots.* at 9 (ECF No. 43) (*Recommended Decision*). The Magistrate Judge also recommended that the Court grant the motion for summary judgment filed by Defendants Sue Carr, Matt D'Auteuil, Scott Landry, Barbara Robertshaw, and Marian Zimmerman, all officials with the Maine Department of Corrections (MDOC), and dismiss the action as moot. *Id.*

When Mr. Bishop filed his motion to join on July 11, 2016, he wrote that his lawsuit faced an immediate risk of mootness because he was scheduled to be released from custody in less than two weeks. *Pl.'s Mot. to Join* at 1 (ECF No. 29). On July 26, 2016, the Defendants moved for summary judgment on the ground that Mr.

Bishop had been released from the custody of the MDOC, and therefore his claims were moot. *Mot. for Summ. J.* (ECF No. 38). The Defendants attached an affidavit dated July 25, 2016, from Scott McCaffery, Director of Classification for the MDOC, stating that Mr. Bishop had been released from its custody on July 18, 2016. *Id.* Attach. 1, *Aff. of Scott McCaffery* at 1. Mr. Bishop did not respond to the Defendants' motion. On September 19, 2016, the Magistrate Judge recommended dismissal of Mr. Bishop's Complaint on the ground that his transfer from MDOC custody mooted his claims for declaratory judgment and injunctive relief against the corrections officials. *Recommended Decision* at 7–9.

In addition, upon issuance of the Recommended Decision on September 19, 2016, the Clerk of Court forwarded a copy of the Recommended Decision to Mr. Bishop at his last known address, namely the Maine Correctional Center. *Mail* (ECF No. 44). On September 28, 2016, the Maine Correctional Center returned the mail to the Clerk writing that Mr. Bishop was no longer there. *Id.* The Court concludes, therefore, that upon release from the Maine Correctional Center, Mr. Bishop failed to give the Clerk of Court his new address. Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current addresses and contact information. *Galvan v. Nelson*, No. 1:15-cv-00285-JAW (D. Me. Aug. 29, 2016) *aff'd* (D. Me. Sept. 16, 2016); *see United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 n.1 (5th Cir. 2007) (per curiam). Mr. Bishop's failure to maintain contact with the Court is a separate basis for affirming the Recommended Decision. In

addition, because Mr. Bishop failed to object to the Recommended Decision, he has waived any objection.

Nevertheless, the Court performed a de novo review of the recommendations of the Magistrate Judge and has determined that no further proceedings are necessary. The Court AFFIRMS the Recommended Decision of the Magistrate Judge for the reasons set forth in the Recommended Decision and issues the following ORDERS:

(1) The Court DENIES Plaintiff's Motion to Join (ECF No. 29);

(2) The Court DENIES Plaintiff's Renewed Motion for Class Certification (ECF No. 27);

(3) The Court DENIES Plaintiff's Motion for Appointment of Class Counsel (ECF No. 28);

(4) The Court GRANTS Defendants' Motion for Summary Judgment (ECF No. 38) and DISMISSES[1] Plaintiff's Complaint; and

(5) The Court ORDERS that JUDGMENT shall issue against the Plaintiff and in favor of Defendants.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of October, 2016

---

[1] The Court dismisses the Complaint because it has concluded that the lawsuit is moot. This Order is not a ruling on the merits of the claims in the lawsuit.